Filed 7/8/16  Conservatorship of K.S. CA6
## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| Conservatorship of the Person of K.S. | H042494<br>(Santa Clara County<br>Super. Ct. No. MH037724) |
| KRISTINA CUNNINGHAM, as Public Guardian, etc.,<br><br>    Petitioner and Respondent,<br><br>v.<br><br>K.S.,<br><br>    Objector and Appellant. | |

Appellant K.S. appeals from an order appointing respondent Santa Clara County Public Guardian (public guardian) as conservator of his person.  (Welf. & Inst. Code, § 5350 et seq.)  We will dismiss the appeal as moot.

After holding an evidentiary hearing on March 18, 2015, the trial court found that K.S. was gravely disabled and appointed the public guardian as his conservator.  The conservatorship automatically expired one year later in March 2016.  (Welf. & Inst. Code, § 5361.)  On May 5, 2016, the trial court dismissed the public guardian's petition for reappointment on the ground that K.S. would benefit from an alternative plan of

treatment and discharged the public guardian from further duties and responsibilities as K.S.'s conservator.[1]

We asked the parties to submit briefs addressing the mootness of this appeal. The public guardian submitted a letter brief in which she represented that both parties agree that the appeal is moot.

"A case is moot when the decision of the reviewing court 'can have no practical impact or provide the parties effectual relief. [Citation.]' [Citation.]" (*MHC Operating Limited Partnership v. City of San Jose* (2003) 106 Cal.App.4th 204, 214.) However, when "'a pending case poses an issue of broad public interest that is likely to recur, the court may exercise an inherent discretion to resolve that issue even though an event occurring during its pendency would normally render the matter moot.' [Citations.]" (*Id.* at pp. 214-215.)

The sole issue on appeal is whether there was substantial evidence to support the order depriving K.S. of his right to make routine medical decisions. Since K.S. is no longer under conservatorship and thus no longer subject to the order regarding routine medical decisions, this court's ruling can have no practical effect. Moreover, since the issue presented on appeal does not meet the standard of continuing interest to the rights of conservatees generally, we decline to exercise our discretion to decide the issue.

The appeal is dismissed as moot.

---

[1] This court has taken judicial notice of the May 5, 2016 order. (Evid. Code, § 452, subd. (d).)

_____
Mihara, J.

WE CONCUR:

_____
Elia, Acting P. J.

_____
Bamattre-Manoukian, J.

3